## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRAD BURROW** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **Case:** |
| **v.** | )   **JURY TRIAL DEMANDED** |
| | ) |
| **CHASE BANK USA, NA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, BRAD BURROW, ("Plaintiff"), and for HIS Complaint against the Defendant, CHASE BANK USA, N.A. ("CHASE"), Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

2.     On or about April 27, 2014, a policy or internal decision by CHASE triggered a convoluted cascade of events: CHASE canceled the debt for an account ending with 0863 and associated with Plaintiff. ("The Account"). CHASE has, however, continued to report the Account as still being owed to the various Credit Reporting Agencies. ("CRA")

## JURISDICTION & VENUE

3.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a) because this is an action to recover damages or secure equitable or other relief under Acts of Congress, more specifically 15 U.S.C. § 1681 and 28 U.S.C. §§ 2201-2202.

4.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367 because the state law claims form the same case or controversy involving the questions of federal law.

5.      Venue in this District is proper in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

6.     Plaintiff is a natural person and resident of Kansas.

7.     The debt relevant to this dispute was incurred in the course of attempts at and actual acquisition of property or services for personal, family or household use, so Plaintiff is a "consumer" as that term is defined the FCRA at 15 U.S.C. § 1681a(c).

8.     CHASE is a corporation that regularly transacts business in Kansas.

9.     CHASE regularly and in the course of business furnishes information to various consumer reporting agencies regarding CHASE's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## STATEMENT OF FACTS

10.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

2

CHASE Canceled Plaintiff's Alleged Debt and Forced Plaintiff to Pay Taxes

11.    Sometime prior to 2014, Plaintiff opened the Account with CHASE.

12.    Sometime prior to April 27, 2014, CHASE began reporting the Account as having a balance and past due balance, reporting the same to the CRAs.

13.    On or about April 27, 2014, CHASE canceled the Account and decided to stop collection efforts, pursuant to CHASE's internal policies or decisions.

14.    In early 2015, CHASE sent Plaintiff and the IRS notice that CHASE canceled the Account.

15.    CHASE reported cancelling the Account on an IRS Form 1099-C by marking category "g" and in an attached letter that stated unequivocally that CHASE had actually canceled the debt on the Account.

16.    Creditors may only report a debt is canceled when the facts and circumstances demonstrate with certainty that a debt will never have to be repaid.

17.    Once a debtor has been released from all liability to repay a debt, they owe taxes on the amount forgiven, unless they meet an exception not relevant here.

18.    In reasonable, good faith reliance on CHASE's representations, Plaintiff paid taxes, including the amount his taxes increased by including the Account as cancellation of debt.

19.    CHASE continued to report the Account to the CRAs as still having a balance due and a past due balance, despite reporting to Plaintiff and the IRS that the Account was canceled.

Plaintiff's Efforts to Resolve the Inaccurate Reporting

3

20.     After receiving the report from CHASE and filing his 2014 taxes, Plaintiff sought to refinance loans and obtain new credit, causing Plaintiff to become aware of CHASE's inconsistent reporting of Plaintiff's accounts.

21.     Plaintiff was alarmed and angered to discover that CHASE was continuing to report the Account as having a balance due and a past due balance, especially as the other two accounts were correctly reporting no balance due or past due balance.

22.     Plaintiff sent a dispute to the CRAs, disputing CHASE's reporting a balance due on the Account.

23.     Pursuant to § 1681i of the FCRA, the CRAs investigated the Account for accuracy.

24.     As part of their investigation of Plaintiff's written dispute, the CRAs sent notice of Plaintiff's dispute to CHASE.

25.     Pursuant to § 1681s-2(b) of the FCRA, CHASE was then obligated to investigate the disputed information for accuracy and report the results to the CRAs.

26.     Pursuant to § 1681s-2(b) of the FCRA, CHASE was obligated to update and correct its reporting for any furnished information was inaccurate regarding The Account to all CRAs to whom CHASE had previously reported the Account.

27.     CHASE sent correspondence to the CRAs with whom Plaintiff disputed the Account indicating Plaintiff still owed a balance and that the Account was reporting correctly.

**<u>CLAIM FOR RELIEF</u>**

**COUNT I: Negligent or Willful Violations of 15 U.S.C. § 1681*s-2* by CHASE**

4

28.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

CHASE Knowingly Reported Factually and Legally Inaccurate Information

29.     CHASE, as a furnisher, may not furnish any information relating to a consumer to any consumer reporting agency if CHASE knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2.

30.     CHASE received notice that Plaintiff disputed the accuracy of CHASE's reporting after CHASE canceled the alleged debt, both directly from Plaintiff and from Plaintiff's disputes through the CRAs.

31.     Pursuant to the FCRA, 15 U.S.C. § 1681$s$-2(b), CHASE must perform a reasonable investigation of information furnished to CRAs when a Consumer disputes the accuracy with the CRAs.

32.     CHASE reasonably should have investigated to discover whether CHASE knew or had good cause to believe the information furnished regarding the Account was inaccurate because CHASE was legally obligated not to report such information.

33.     CHASE previously self-identified and reported to both Plaintiff and the IRS that CHASE canceled the Account, without any dispute or notice from Plaintiff.

34.     An unreasonable, cursory review of Plaintiff's dispute and CHASE's records would have revealed good cause to believe the reporting was inaccurate when it revealed a record of an "identifiable event" where CHASE canceled the Account and sent a 1099-C to Plaintiff and the IRS.

5

35.     A reasonable investigation into Plaintiff's dispute would have reviewed CHASE's 1099-Cs to the IRS and Plaintiff, CHASE's internal records related to filing the 1099-C, the financial benefit conferred to CHASE by filing a 1099-C, and the same CHASE policy and procedure CHASE previously used to identify the account as canceled in order to comply with IRS regulations.

36.     On information and belief, CHASE failed to perform a reasonable investigation because CHASE keeps separate records of "identifiable events" from the record CHASE examines for FCRA disputes.

37.     On information and belief, CHASE has no policy or procedure for cross-checking disputed accounts with other records to ensure the reviewed records are accurate.

38.     CHASE would have known its reporting was not accurate if CHASE had performed a reasonable investigation in good faith.

39.     A reasonable, good faith investigation would have resulted in CHASE changing their representation of the Account.

40.     CHASE did not conduct a reasonable investigation in that CHASE's continuing "validation" of its reporting must either be the result of failure to review CHASE's records or a mere pretextual review and "validation" regardless of actual merit.

41.     CHASE failed to perform a reasonable, good-faith investigation and then continued reporting a balance due and past due balance on the Account to the CRAs.

42.     By failing to conduct a reasonable investigation into Plaintiff's disputes, CHASE negligently violated § 1681*s-2*(b)(1).

43.     In the alternative, by willfully conducting a pretextual or less than a reasonable investigation into Plaintiff's disputes, CHASE willfully violated § 1681*s*-*2*(b)(1).

44.     As a direct and proximate result of CHASE's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorney's fees and the costs of this action, pursuant to 15 U.S.C. § 1681*o*.

45.     CHASE's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against CHASE, pursuant to 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff prays for judgment on this ***Claim for Relief*** in his favor and against CHASE, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorney's fees and costs; and

(e)    Any further relief as deemed appropriate and just by this Honorable Court.


## DESIGNATION OF PLACED OF TRIAL

Plaintiff requests that trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.


                                          Respectfully submitted,

Dated: July 21, 2017                      **THE WILLISTON LAW FIRM, LLC**

                                          By: *Keith N. Williston*
                                          Keith N. Williston KS #78645
                                          201 SE Williamsburg Dr
                                          Blue Springs, MO 64014
                                          Tele:  (913) 207-5450
                                          WillistonKeith@yahoo.com

                                          **Attorney for Plaintiff**

8